FILED
February 04, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOSE SALAZAR MURILLO,**<br><br>Petitioner,<br><br>v.<br><br>**PAMELA JO BONDI** *et al.*,<br><br>Respondents. | §<br>§<br>§<br>§<br>§  NO. SA-26-CV-250-OLG<br>§<br>§<br>§<br>§ |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Pending before the Court is Petitioner Jose Salazar Murillo's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents have responded (Dkt. No. 6).

The relevant facts in this case are not in dispute. Petitioner is an alien who entered the United States without inspection. *See* Dkt. Nos. 1 at 4, 6; 6 at 3. This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. *See* Dkt. Nos. 1 at 5; 6 at 3.

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. *See* Dkt. No. 2 at 2. On February 2, 2026, Respondents filed an abbreviated response, which acknowledged that the "legal issues presented in the instant habeas petition do not differ in any material fashion from those presented" in the prior cases resolved by the Court. *See* Dkt. No. 6

at 1–2. As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner Jose Salazar Murillo's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Any non-habeas claims are **DISMISSED WITHOUT PREJUDICE**. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

This case is **CLOSED**.

It is so **ORDERED**.

SIGNED on February ____4____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge